UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT FREDRICKSON,

     Applicant,

v.                            CASE NO. 8:20-cv-885-SDM-AEP

SECRETARY, Department of Corrections,

     Respondent.

_____/

## ORDER

     Fredrickson, through retained counsel, applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for aggravated assault on a law enforcement officer and improper exhibition of a firearm, for which Fredrickson is imprisoned for 20 years.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 8)  The application asserts one ground for relief, which the respondent correctly argues is both unexhausted and not cognizable on federal habeas review.  The respondent admits the application's timeliness.  (Doc. 7 at 5 n.2)

## I. BACKGROUND[1]

     In the early morning hours of April 2, 2012, Fredrickson and his wife, Caroline McNeill, were arguing in their residence.  Frederickson retrieved a loaded

---

[1] This summary of the facts derives from the trial transcript.  (Respondent's Exhibits 1d, 1e, 1f, and 1g)

handgun and threatened to kill himself.  McNeill called 911, got hold of the gun, and threw it into the front yard.  When Deputy Jeanine Spicuglia arrived at the residence, she saw McNeill in the front yard.  McNeill told her that Fredrickson was in the house looking for his rifles, which he kept in a safe.  Deputy Spicuglia entered the house with her service weapon drawn and announced her presence.  Once inside, she looked around a corner and saw Fredrickson sitting in a hallway with a rifle in his hands.  Fredrickson pointed the rifle at Deputy Spicuglia, and she ran out of the residence.

Soon after, law enforcement heard a gunshot inside the house.  Officers called to Fredrickson but received no response.  Believing that Fredrickson may have shot himself, Sgt. Troy Law entered the residence with two other officers.  The officers announced their presence and approached the corner where Deputy Spicuglia had seen Fredrickson.  Before the officers turned the corner, Fredrickson shot his rifle in their direction.  The officers left the house and established a perimeter.

Carrying two rifles, Fredrickson exited the house through the back.  He kicked down a section of the fence and entered his neighbor's backyard.  Sgt. Law and Deputy Spicuglia began searching the backyard for Fredrickson.  Deputy Spicuglia saw Fredrickson in a corner of the yard and with a rifle in his hand.  She shouted "gun," and Fredrickson pointed his rifle in her direction.  Deputy Spicuglia fired five shots at Fredrickson but did not hit him.  Sgt. Law shot at Fredrickson once; he missed as well.  Seeing Fredrickson "fiddl[e]" with the rifle, Sgt. Law ran across a flower bed and tackled him.

In May 2012, Fredrickson was charged with one count of attempted second-degree murder of a law enforcement officer (Sgt. Law).  (Respondent's Exhibit 1 at 7)  The State filed an amended information in September 2013 and charged Fredrickson with one count of attempted second-degree murder of a law enforcement officer (Sgt. Law) and two counts of aggravated assault on a law enforcement officer (Sgt. Law and Deputy Spicuglia).  (Respondent's Exhibit 1 at 54)  Fredrickson's jury trial ended in a mistrial.

In May 2015, the State filed a second amended information and a third amended information.  (Respondent's Exhibit 1a at 755–59)  The third amended information charged Fredrickson with three counts of aggravated assault on a law enforcement officer (Sgt. Law and Deputy Spicuglia).  (Respondent's Exhibit 1a at 758–59)  At the trial, Fredrickson was convicted of the lesser-included offense of improper exhibition of a firearm and two counts of aggravated assault on a law enforcement officer.  (Respondent's Exhibit 1a at 760–62)

## II.  COGNIZABILITY, EXHAUSTION, AND PROCEDURAL BAR

The pending application asserts one ground for relief — the trial court lacked jurisdiction over the case because the second and third amended informations were filed in May 2015, one month after the expiration of the three-year limitation for aggravated assault.  (Doc. 1-1 at 5–9)  Fredrickson admits that under Florida law, later-filed informations "will not be subject to the statute of limitations when they are shown to be connected with and in continuation of a prosecution timely begun." *State v. Douglas*, 919 So. 2d 481, 482 (Fla. 3d DCA 2005).  He contends, however,

that this principle does not apply to the second and third amended informations because they replaced the attempted second-degree murder charge with the "wholly different felony charge" of aggravated assault on a law enforcement officer. (Doc. 1-1 at 7) Fredrickson does not argue that the allegedly untimely prosecution violated his rights under the federal constitution.

Fredrickson cannot obtain relief because his claim is not cognizable on federal habeas review, which for a person in custody under the judgment of a state court is available only if the custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). Accordingly, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Fredrickson's claim that he was prosecuted in violation of the applicable limitation raises an issue of state law not cognizable on federal habeas review. *See Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000) ("[A] state court's failure properly to apply a state statute of limitations does not violate due process or . . . any other provision of the Constitution or a federal statute."); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988) (holding that habeas petitioner's statute-of-limitations argument was "beyond [the court's] consideration" because "a state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved"); *Reed v. Toole*, No. 1:18-cv-3970-AT-CMS, 2019 WL 11868548, at *9 (N.D. Ga. Dec. 17, 2019) ("State law statutes of limitations for the prosecution of state crimes, and the interpretation of those statutes, are matters of state law and

provide no grounds for federal habeas corpus relief."), *adopted by* 2020 WL 8920972 (N.D. Ga. Feb. 21, 2020).  Consequently, ground one is denied.

Even affording ground one a lenient construction and assuming that Fredrickson asserts a federal constitutional violation, he cannot obtain relief because the claim is unexhausted.  An applicant must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Fredrickson did not raise his limitation defense before the trial court or on direct appeal.  Nor did he present the issue in his Rule 3.850 motion for post-conviction relief.[2]  The failure to properly exhaust each available state court remedy

---

[2] In his Rule 3.850 motion, Fredrickson argued that trial counsel was ineffective for failing to raise a statutory limitation defense.  (Respondent's Exhibit 7 at 6)  For purposes of exhaustion,

(continued…)

causes a procedural default of the unexhausted claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."). Consequently, Fredrickson's sole ground is barred from federal review absent a showing of "actual cause and prejudice" or "manifest injustice." *Coleman v. Thompson*, 501 U.S. 72, 29–30 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The basis for "cause" must ordinarily reside in something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the applicant must establish "not merely that the errors at his trial created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A fundamental miscarriage of justice occurs only if a

---

however, a substantive claim is "separate and distinct" from an ineffective-assistance claim based on the substantive claim. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n.24 (11th Cir. 2005). Consequently, the ineffective-assistance claim did not preserve the underlying statutory limitation argument for federal habeas review. *See Bailey v. Nagle*, 172 F.3d 1299, 1304 (11th Cir. 1999) ("An ineffective-assistance claim is analytically distinct from the substantive claim underlying it. Therefore, whether or not [petitioner] exhausted his ineffective-assistance claim regarding the voluntariness of his predicate convictions, his current substantive claim was not presented to the Alabama courts.").

constitutional violation has probably resulted in the conviction of someone who is actually innocent. *House v. Bell*, 547 U.S. 518, 536–37 (2006). A petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536–37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Fredrickson neither demonstrates cause and prejudice to excuse the procedural default nor shows that the "fundamental miscarriage of justice" exception applies. Because Fredrickson proffers no specific facts showing an exception to the procedural default, ground one is procedurally barred from federal review.

## III. CONCLUSION

Fredrickson's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Fredrickson and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Fredrickson fails to demonstrate either a substantial showing of the denial of a constitutional right or that reasonable jurists would debate both the merits of the grounds and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Fredrickson must obtain permission from the court of appeals to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 3, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE